# Illinois Official Reports

## Appellate Court

---

**Lake Point Tower Condominium Ass'n v. Waller**, 2017 IL App (1st) 162072

---

| | |
|---|---|
| Appellate Court Caption | LAKE POINT TOWER CONDOMINIUM ASSOCIATION, Plaintiff-Appellant, v. DIANE WALLER and ALL UNKNOWN OCCUPANTS, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-16-2072 |
| Filed<br>Rehearing denied | June 28, 2017<br>August 1, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-M1-718251; the Hon. Orville E. Hambright, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Jason B. Hirsh, Christina E. Lutz, and Erin Mayer Isaacson, of Levenfeld Pearlstein, LLC, of Chicago, for appellant.<br><br>Ellis B. Levin, of Chicago, for appellees. |
| Panel | JUSTICE LAVIN delivered the judgment of the court, with opinion.<br>Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1        This appeal arises from a forcible entry and detainer action filed by plaintiff Lake Point Tower Association (the Association) against defendants Diane Waller and all unknown occupants to obtain possession of Waller's condominium located at 505 North Lake Shore Drive, Unit 507, in Chicago (the Unit). The Association also sought $2856.89 in unpaid common expenses and related costs. The trial court dismissed the complaint with prejudice, finding that the Association's board (the Board) had failed to vote at an open meeting regarding whether to initiate this action. Instead, the Association's attorney had commenced this action at the direction of the Association's management company. On appeal, the Association maintains that its method of initiating this action was proper and, alternatively, the trial court should have dismissed the complaint without prejudice and allowed the Association to file an amended complaint. Specifically, the Association argues that the Board cured any deficiency by voting at an open meeting to pursue this action, albeit after the action had already been filed. We reverse and remand for further proceedings.

¶ 2                                        I. BACKGROUND

¶ 3        The Association commenced this action against Waller on September 10, 2015.[1] Seven months later, Waller moved to dismiss the complaint with prejudice but did not specify whether she sought dismissal under section 2-615 (735 ILCS 5/2-615 (West 2014)) or section 2-619 (735 ILCS 5/2-619 (West 2014)) of the Code of Civil Procedure (the Code). Waller, without disputing that assessments were due, asserted that the Association lacked authority to initiate litigation because the Board failed to vote at an open meeting before doing so. In support of her position, Waller relied primarily on section 18(a)(9) of the Condominium Property Act (the Act) (765 ILCS 605/18(a)(9) (West 2014)) and the appellate court's decision in *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290. Waller argued that the minutes of the Board's meeting on November 20, 2014, showed that it improperly delegated its authority to initiate litigation to the Association's managing agent:

> "Whereas the [Association] rules state that 'When any portion of the Unit Owner's account becomes forty-five (45) days past due, the Board shall forward that account to an attorney to initiate legal proceedings to collect all sums due and owing to the Association.'
>
> Be it resolved that the Board of Directors of the Lake Point Tower Condominium Association appoint the managing agent (First Service Residential) to initiate unit owner collection proceedings automatically following 45 days of past due assessments."

According to Waller, Illinois Supreme Court Rule 273 (eff. Jan. 1, 1967) required the court to dismiss the complaint with prejudice in light of this improper delegation.

---

[1]Waller's brief contains several deficiencies, including references to facts not of record and improper citations to legal authority. See Ill. S. Ct. R. 341(h)(6), (h)(7), (i) (eff. Jan. 1, 2016). We remind counsel that the failure to comply with Illinois Supreme Court Rule 341 may result in forfeiture. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12.

¶ 4   Waller attached to the motion an excerpt from the aforementioned meeting minutes, which showed that the resolution was passed unanimously. She also attached section 5.07(e) of the declaration:

"The Board shall have the power and duty to providefor the designation, hiring, and removal of employees and other personnel, including lawyers and accountants, to engage or contract for the services of others and to make purchases for the maintenance, repair, replacement, administration, management and operation of the Property, and to delegate any such powers to the manager or managing agent and any such employees or other personnel as may be employees of the managing agent."

Although only an excerpt of the declaration was attached to the motion, the entire declaration appears elsewhere in the record.

¶ 5   In response, the Association challenged Waller's failure to identify either section 2-615 or section 2-619 as the basis for her motion. That being said, the Association argued that she failed to satisfy either statute. The Association also argued that the substance of Waller's contention was not germane to a forcible entry and detainer action and, thus, could not be raised here.

¶ 6   Waller replied that the motion clearly argued that the Association failed to demonstrate that it complied with *Palm* and section 18(a)(9) because the Board failed to vote at an open meeting to commence this litigation. Additionally, she argued that *Palm* required a plaintiff to prove the requisite vote occurred as an element of its case and the Association's failure to do so rendered the complaint subject to dismissal under section 2-619. Waller also observed that the Association did not dispute the substance of her contention that the Board never voted at an open meeting to commence this action and, consequently, violated section 18(a)(9) and *Palm*. In its sur-response, the Association added that the declaration authorized the Board to delegate certain responsibilities to a management company and that Waller misread *Palm*. According to the Association, that decision held that the board there could fully delegate power to a managing agent or could require full board approval for decisions but could not assign decisions to subsets of the board.

¶ 7   On June 7, 2016, the trial court dismissed the complaint based on *Palm* but denied Waller's request to dismiss the action with prejudice. Waller then sought a finding under Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016) that substantial grounds for a difference of opinion existed as to a legal question and that an immediate appeal may materially advance the litigation. At a hearing on June 23, 2016, however, the trial court reconsidered its prior order *sua sponte*. The court found that the complaint should have been dismissed with prejudice under Rule 273. The Association objected, arguing that dismissal with prejudice is appropriate only where the Association could not sustain a claim under any facts or circumstances and, "in this instance[,] the board has now had a vote at an open meeting, voted to proceed with collections on this, and we have prepared an amended complaint. That entirely moots the issue of dismissal." Over the Association's objection, the court ruled that the dismissal would be with prejudice.

¶ 8                                    II. ANALYSIS

¶ 9   On appeal, the Association asserts that Waller failed to identify a statutory basis for her motion to dismiss and that under either section, the motion should have been denied.

Alternatively, the trial court should have dismissed the complaint without prejudice and permitted the Association to file an amended complaint.

¶ 10    Motions filed under section 2-615 and section 2-619 have significant differences (*Cwikla v. Sheir*, 345 Ill. App. 3d 23, 29 (2003)), and meticulous practice requires attorneys to specifically designate which statute a motion to dismiss is being filed under (*Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 484 (1994)). Generally, a section 2-615 motion challenges the complaint's failure to allege a cause of action. *Id.*; see also *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 18 (observing that a plaintiff may raise an affirmative defense in a section 2-615 motion where that defense is apparent from the complaint itself). Such motions assert that defects appearing on the face of the complaint render it legally insufficient. *Cwikla*, 345 Ill. App. 3d at 29. Similarly, courts may not rely on matters outside the complaint in considering a section 2-615 motion. *Id.* Section 2-615 warrants dismissal only if it is clear from the pleadings that the plaintiff could prove no set of facts entitling him to relief. *Lavite v. Dunstan*, 2016 IL App (5th) 150401, ¶ 34.

¶ 11    In contrast, a motion filed under section 2-619 admits the legal sufficiency of the complaint, *i.e.*, assumes that a cause of action has been stated, but nonetheless asserts that an affirmative matter bars the plaintiff's claim. *Id.* ¶ 37. Under section 2-619(a)(2), a defendant may seek an involuntary dismissal based on a plaintiff's lack of capacity to sue. *Id.* ¶ 28. Section 2-619 also permits a court to go outside the pleadings and consider affidavits or other evidence introduced by the parties. *Id.* ¶ 37. That being said, a motion filed under section 2-619 must be supported by an affidavit where the grounds for the motion are not found on the face of the complaint. *O'Callaghan*, 2015 IL App (1st) 142152, ¶ 19. We review dismissals under either statute *de novo*, drawing all reasonable inferences in favor of the nonmovant. *Cwikla*, 345 Ill. App. 3d at 29.

¶ 12    Here, Waller's motion to dismiss essentially raised the Association's lack of legal capacity as an affirmative defense. That being said, Waller changed tactics in reply:

> "It should be clear from [Waller's] Motion that [Waller] believes that [*Palm*] requires as an additional *essential element* of [the Association's] case that it satisfy the requirement of Section 18(a)(9), which by failing to satisfy opens up [the Association] to *a 2-619 Motion to dismiss*." (Emphases added.)

Contrary to the preceding statement, the motion did not clearly indicate that the Association failed to satisfy an element of its case. If the motion had done so, the Association's failure to allege in the complaint that the Board voted at an open meeting would fall within section 2-615, not section 2-619. Like her pleadings below, Waller's briefs on appeal inconsistently characterize the alleged defect as pertaining to standing and pertaining to the Association's *prima facie* case. Nonetheless, we find the Association has not identified specific prejudice resulting from the lack of clarity and Waller's oscillating positions do not hinder our review. See *Illinois Graphics Co.*, 159 Ill. 2d at 484 (finding that the failure to specifically label a motion is not fatal unless prejudice results to the nonmovant).

¶ 13    Waller's motion to dismiss was based on a matter not appearing in the complaint. In addition, another panel of this court recently indicated that an association's complaint is not required to allege as an element of a forcible entry and detainer action that the association's board voted at an open meeting to initiate litigation. See *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 22. The legislature could have created such

a requirement but did not do so. *Id.* ¶ 25. Accordingly, we find Waller's challenge to the Association's legal authority to pursue this action falls under section 2-619.

¶ 14 The Act states that "[t]he association shall have no authority to forbear the payment of assessments by any unit owner" (765 ILCS 605/18(o) (West 2014)) and expressly grants a board the power and duty to collect assessments (765 ILCS 605/18.4(d) (West 2014)).[2] To that end, section 9(g)(1) of the Act (765 ILCS 605/9(g)(1) (West 2014)) creates a lien in favor of a condominium association when a unit owner fails or refuses to pay common expense assessments. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 23. Section 9.2 of the Act further states that if a unit owner defaults on his obligations under the Act or the condominium instruments, "the board of managers or its agents shall have such rights and remedies as provided in the Act or condominium instruments including the right to maintain an action for possession against such defaulting unit owner *** for the benefit of all the other unit owners in the manner prescribed by Article IX of the Code." 765 ILCS 605/9.2(a) (West 2014).

¶ 15 Similarly, section 9-102(a)(7) of the Forcible Entry and Detainer Act, found in article IX of the Code, states as follows:

> "The person entitled to the possession of lands or tenements may be restored thereto ***
>
> *** [w]hen *** the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property, or of any other expenses lawfully agreed upon or any unpaid fine, the Board of Managers or its agents have served the demand set forth in Section 9-104.1 of this Article *** and the unit owner has failed to pay the amount claimed within the time prescribed *** and the Board of Managers or its agents have served the demand set forth in Section 9-104.2 ***." 735 ILCS 5/9-102(a)(7) (West 2014).

The statute's primary purpose is to provide a speedy remedy. *North Spaulding Condominium Ass'n*, 2017 IL App (1st) 160870, ¶ 22. As *North Spaulding Condominium Ass'n* found, neither the Act nor the Forcible Entry and Detainer Act requires a condominium association to prove that it properly noticed and conducted an association board meeting where a vote was taken to authorize the filing of a forcible action for possession and the recovery of unpaid assessments. *Id.* ¶ 23.

¶ 16 Waller nonetheless asserts that the Board was required to show that it held such a vote as a matter of legal capacity, relying primarily on section 18(a)(9) of the Act.

> "The bylaws shall provide for at least the following:
>
> * * *
>
> *** *that meetings of the board of managers shall be open to any unit owner, except* for the portion of any meeting held (i) to discuss litigation when an action against or on behalf of the particular association has been filed and is pending in a court or administrative tribunal, or when the board of managers finds that such an action is probable or imminent, (ii) to consider information regarding appointment, employment or dismissal of an employee, or (iii) to discuss

---

[2]Defense counsel's repeated references to his experience in the Illinois General Assembly and expertise in condominium law have no bearing on our consideration of this appeal.

violations of rules and regulations of the association or a unit owner's unpaid share of common expenses; *that any vote on these matters shall be taken at a meeting or portion thereof open to any unit owner ***.*" (Emphases added.) 765 ILCS 605/18(a)(9) (West 2014).

The Association's declaration reflects this statute.

¶ 17 The Association asserts, however, that nothing prevents the Board from delegating to a property manager the right to initiate litigation without holding a Board meeting and that the declaration here authorized it. Section 5.07(a) of the declaration states, "[s]ubject to the Operating Declaration, the Board may engage the services of an agent to manage the Property for which the Board is responsible pursuant to this Declaration, to the extent deemed advisable by the Board." Section 5.07(e) of the declaration further states:

"The Board shall have the power and duty to provide for the designation, hiring, and removal of employees and other personnel, including lawyers and accountants, to engage or contract for the services of others and to make purchases for the maintenance, repair, replacement, administration, management and operation of the Property, *and to delegate any such powers* to the manager or managing agent and any such employees or other personnel as may be employees of the managing agent." (Emphasis added.)

We note that "such powers" did not explicitly include the power to initiate litigation.

¶ 18 In *Palm*, a unit owner filed an action against a condominium association for violating the condominium instruments and the Act. *Palm*, 2014 IL App (1st) 111290, ¶ 1. In interpreting section 18(a)(9) of the Act and the association's declaration, the reviewing court found that both required board meetings be open to unit owners unless the board was discussing and considering the exceptions enumerated in that statute. *Id.* ¶ 55. In contrast, all votes, even those involving those exceptions, must occur at an open board meeting. See *id.*

¶ 19 The reviewing court determined that the management agreement, permitting an agent to enter into contracts after consulting with three board members, without approval from the entire board, violated the association's declaration and section 18(a)(9) of the Act. *Id.* ¶¶ 60, 67, 71. The court found that under the declaration, which we note was remarkably similar to the Association's declaration here, the board could "(1) delegate the power to enter contracts *without board approval* or (2) delegate the power to enter contracts *with full board approval*." (Emphases in original.) *Id.* ¶¶ 76, 79. That being said, the declaration did not authorize the board to delegate the power to enter into contracts with approval by only a fraction of the board. *Id.* ¶¶ 79, 81.

¶ 20 The reviewing court also found that the circuit court properly granted the plaintiff summary judgment on his assertion "that the association *could not pursue litigation without any vote* by the board and that the board's failure to conduct such a vote to defend the instant litigation violated the declaration and Condominium Property Act" because "litigation is association business that must be voted on in open meetings." (Emphasis added.) *Id.* ¶¶ 88-89. While the board in *Palm* had delegated the responsibility of handling unit owner delinquencies and collection activities to the management company, *Palm* involved the defense of litigation, rather than collection activities. *Id.* ¶ 88. Thus, the reviewing court was not called upon to directly address whether the board's purported delegation of the authority to initiate collections was valid. Additionally, *Palm* did not indicate that the delegation occurred through a vote of the board, as was the case here, let alone hold that this specific

means of delegation would be ineffective. Furthermore, *Palm* did not address whether either of the defects considered were cognizable defenses to an association's forcible entry and detainer action. *Cf. Spanish Court Two Condominium Ass'n v. Carlson*, 2014 IL 115342, ¶ 32 (recognizing in a forcible entry and detainer action that a unit owner could challenge "the manner in which *the assessment* was adopted" (emphasis added)). Even assuming that a board's failure to vote at an open meeting could constitute a defense to a forcible entry and detainer action, this defense should not have eliminated the Association's ability to pursue litigation here.

¶ 21 At any time before final judgment, the trial court may allow amendments "on just and reasonable terms, *** changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought." 735 ILCS 5/2-616(a) (West 2014). A complaint should be dismissed with prejudice under section 2-615 or section 2-619 only where it is clear that the plaintiff can prove no set of facts that would entitle it to relief. *Bruss v. Przybylo*, 385 Ill. App. 3d 399, 405 (2008). We review a court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 22. In reviewing the trial court's denial of a motion to amend the pleadings, courts consider whether (1) the amendment would cure the defect, (2) the amendment would prejudice or surprise the defendant, (3) the amendment was timely, and (4) the plaintiff had prior opportunities to amend the pleadings. *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 200. Additionally, a court abuses its discretion in denying leave to amend if allowing the amendment would have furthered the ends of justice, the primary consideration. *Id.* ¶¶ 199-200.

¶ 22 Before the trial court dismissed this action, the Board voted at an open meeting to pursue litigation against Waller. This eliminated her basis for asserting that the Association had no authority to pursue collections litigation against her. Additionally, Waller has cited no case law supporting her position that the Board's vote constituted an improper attempt at ratification or that all declarations must specifically authorize a board to ratify earlier actions in order for ratification to be effective.[3] *Cf. Alliance Property Management, Ltd. v. Forest Villa of Countryside Condominium Ass'n*, 2015 IL App (1st) 150169, ¶ 29 (stating that "[a] party cannot ratify a void contract by waiving its right to assert a defect"); *Salvatore v. Gelburd*, 206 Ill. App. 3d 1042, 1044-45 (1990) (finding that the board could ratify a unit owner's alteration to the common elements where the declaration expressly forbid such alterations "without the prior written consent of the Board" but provided that the board could ratify a unit owner's action taken without prior written consent (internal quotation marks omitted)). Furthermore, Waller does not suggest that the Board's initial failure to vote at an open meeting somehow extinguished her liability for unpaid assessments. The record shows that the court initially indicated to the Association that it "could file a new lawsuit after doing whatever had to be done pursuant to *Palm*." Permitting the Association to amend its complaint to allege that the Board had voted at an open meeting to pursue this litigation

---

[3]Waller's references to the Association's alleged breach of fiduciary duty are entirely misplaced. A claim for breach of duty presents a separate and distinct legal issue from the defense at hand. *Cf. Wolinsky v. Kadison*, 114 Ill. App. 3d 527, 529, 532-34 (1983) (addressing whether the association breached its fiduciary duty where a unit owner filed a complaint alleging the association had done so).

would have cured any defect in the pleadings without prejudicing Waller, who was clearly aware of the Board's vote and her debt.

¶ 23 More importantly, allowing the Association to obtain relief by amending the complaint would further the ends of justice. The court stated that upon its initial dismissal of the complaint, the court had looked at the matter equitably, not legally. The court added, "I think I noted my rationale or reasoning not to grant it with prejudice was because *** if there was a legitimate issue in terms of money owed, or whatever the case may be, that you should be able to bring it back. But unfortunately [Illinois Supreme Court Rule 273] does not allow that." The court also stated:

> "I would have no problem with being overturned on this one because of the fact I look at it from the terms of the equity. Okay, got me on a tech. *** [I]t shouldn't in my view release the fact that if somebody owes some money, particularly with a condo where everyone is contributing because someone not contributing and not paying—if, in fact, that's the case."

The court further found, "that means other members of that condo association are going to have to make up the difference somewhere along the line." Referring to the impact on other members, the court stated, "I've got a problem with that." Accordingly, the court seemingly found justice favored dismissing the complaint without prejudice and granting leave to amend.

¶ 24 The trial court, and Waller, misinterpreted Rule 273 in concluding that it required the court to dismiss the complaint with prejudice.

> "*Unless the order of dismissal* or a statute of this State *otherwise specifies*, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Emphases added.) Ill. S. Ct. R. 273 (eff. Jan. 1, 1967).

Stated differently, "[i]f a circuit court involuntarily dismisses a plaintiff's action, other than for one of the rule's three exceptions, *and if the plaintiff does not procure leave of court to refile the complaint* or if a statute does not guarantee that opportunity, then Rule 273 deems the dismissal to be on the merits." (Emphasis added.) *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24.

¶ 25 By suggesting that Rule 273 prevents a court from specifying that an involuntary dismissal is without prejudice, *i.e.*, not on the merits, the trial court and Waller put the proverbial cart before the horse. The rule governs the interpretation of involuntary dismissal orders. See *Matejczyk v. City of Chicago*, 397 Ill. App. 3d 1, 4-5 (2009) (determining, for purposes of *res judicata*, the effect of an earlier order dismissing a claim rather than reviewing what order should have been entered). It does not alone dictate what order the court must enter or require a court to dismiss with prejudice a complaint that is defective for lack of standing. The rule expressly contemplates that a court may order otherwise. *Id.*; see also *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 47 (finding there was no adjudication on the merits under Rule 273 where the court's order specified otherwise). In light of the trial court's belief that permitting the Association to file an amended complaint would further the ends of justice and the court's misapplication of Rule 273, the court abused its discretion by dismissing the action with prejudice and denying the Association leave to amend the complaint. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 48 (observing that a

court abuses its discretion where its decision is based on an error of law).

## III. CONCLUSION

Waller's motion to dismiss was highly problematic. Even assuming the motion raised a meritorious defense, the trial court abused its discretion by dismissing the complaint with prejudice and denying the Association the opportunity to amend the complaint. We reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.