2020 IL App (1st) 191720-U

THIRD DIVISION
September 9, 2020

No. 1-19-1720

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ALTON THOMPSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | No. 17 CH 09265 |
| GLENWOOD MANOR CONDOMINIMUM | ) | |
| ASSOCIATION #3 and ALL BOARD OF DIRECTORS, | ) | Honorable |
| | ) | Sophia H. Hall, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Plaintiff's sixth amended complaint was properly dismissed under sections 2-615 and 2-619 of the Code of Civil Procedure.

¶ 2    In June 2019, plaintiff Alton Thompson filed his sixth amended three-count complaint alleging breach of contract and a breach of fiduciary duty against defendants Glenwood Manor Condominium Association #3 (the Association) and its Board of Directors (the Board) (collectively defendants).  Defendants filed a motion to dismiss the complaint under sections 2-

615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2016)). The trial court subsequently dismissed plaintiff's complaint with prejudice.

¶ 3     On appeal, plaintiff argues that the trial court (1) erred when it dismissed his sixth amended complaint with prejudice because the court failed to detail the legal insufficiencies of the complaint; and (2) abused its discretion in dismissing the complaint with prejudice where there are genuine issues of material fact that would entitle plaintiff to relief.

¶ 4     Plaintiff is the owner of 900 Sunset Drive, Unit 507, in Glenwood, Illinois. Plaintiff's unit is part of the Association, and subject to the Association's governing documents, which include declarations; covenants, conditions and restrictions; and other rules. In or around April 2017, a violation complaint was filed with the Association against plaintiff which alleged that plaintiff's grandson had been observed by two witnesses throwing trash from the unit's balcony to the ground below. A violation notice, dated April 6, 2017, was sent to plaintiff at his unit address notifying him that an informal hearing before the Board would take place on April 24, 2017. On April 25, 2017, a letter from the Board was sent to plaintiff at his unit, stating that the hearing occurred on April 24, 2017, and the Board had decided to impose a fine of $200 for the violation. The letter further stated that plaintiff was also responsible for payment of attorney fees on the matter in the amount of $436.02. Plaintiff denied receiving these letters until a later date.

¶ 5     On July 5, 2017, plaintiff filed two *pro se* complaints in the circuit court. One of his *pro se* claims alleged the Association had violated the Condominium Property Act (the Act) (765 ILCS 605/1 *et seq.* (West 2016)) by failing to implement protocols for the rules and fine schedule, thereby denying him due process. The other *pro se* complaint filed in the chancery division requested an injunction and a temporary restraining order (TRO) against the Association prohibiting it from placing a lien on his unit. Subsequently defendants moved to consolidate the

small claims municipal action and chancery action under the chancery case, which the trial court granted. The municipal case was later severed and dismissed without prejudice.

¶ 6    Thereafter, plaintiff filed multiple amended versions of his complaint. In June 2018, plaintiff, now represented by an attorney, filed his third amended complaint, alleging breach of contract, specific performance, and a count requesting a TRO and preliminary injunction. The breach of contract claim alleged that (1) plaintiff was not given notice of a meeting to amend the fine list in the code of conduct which is part of the Association's covenants, conditions and restrictions or to amend the covenants, conditions and restrictions; (2) the Association did not give notice of a violation, a hearing, or a hearing date for the fines that were levied; and (3) the Association "determined that a fine would be levied in March 2017, without notice and hearing, a month prior to [plaintiff] receiving the notice of a violation and the amount of the fine to be levied." Defendants subsequently moved to dismiss plaintiff's third amended complaint for failure to state a cause of action under section 2-615 of the Code. (735 ILCS 7/2-615 (West 2016)). On September 17, 2018, the trial court allowed the breach of contract count to stand, but dismissed the remaining counts.

¶ 7    Plaintiff's fourth amended complaint did not reallege the same breach of contract count from the third amended complaint, but instead pled an amended breach of contract as well as a claim of breach of fiduciary duty and a request for attorney fees. The fourth amended complaint was later dismissed in its entirety without prejudice.

¶ 8    In March 2019, plaintiff filed his fifth amended complaint alleging (1) a breach of contract because defendants failed to enact bylaws in violation of section 18 of the Act (765 ILCS 605/18 (West 2016)); (2) a breach of contract due to a lack of notice and opportunity to be heard in violation of section 18.5 of the Act (765 ILCS 605/18.5 (West 2016)); (3) a breach of

contract for failing to allow plaintiff the opportunity to review Association records in violation of section 19 of the Act (765 ILCS 605/19 (West 2016)); and (4) a breach of fiduciary duty in violation of the Act.

¶ 9    Section 18 of the Act outlines the required contents for the bylaws of a condominium association. 765 ILCS 605/18 (West 2016). Section 18.5 of the Act sets forth the duties of a master association. Section 18.5(a) defines a "master association" as follows:

> "If the declaration, other condominium instrument, or other duly recorded covenants provide that any of the powers of the unit owners associations are to be exercised by or may be delegated to a nonprofit corporation or unincorporated association that exercises those or other powers on behalf of one or more condominiums, or for the benefit of the unit owners of one or more condominiums, such corporation or association shall be a master association." 765 ILCS 605/18.5(a) (West 2016).

Section 19 of the Act requires the board of managers of a condominium association to maintain certain records in its office, including the declarations, rules and regulations, minutes of all meetings for the preceding seven years, and insurance policies. 765 ILCS 605/19(a) (West 2016). Any member of the Association has "the right to inspect, examine, and make copies" of the listed records at a reasonable time or times in the Association office. 765 ILCS 605/19(b) (West 2016).

¶ 10    In April 2019, defendants filed a combined motion to dismiss plaintiff's fifth amended complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)), and argued that none of the counts sufficiently stated a cause of action under section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)). In addition, defendants argued that the third breach of contract count should be dismissed under section 2-619 based upon an affidavit from the Association's

community manager Kathleen Schimanski, which disproved plaintiff's allegations. Schimanski stated that plaintiff came to the office and asked to view documents and was given the opportunity in person to review and copy requested documents. She stated that she never received any other requests for documents in person or in writing. In May 2019, the trial court granted the motion to dismiss as to counts I, II, and IV, with leave to replead. Count III, the breach of contract count based on section 19 of the Act, was allowed to stand.

¶ 11    In June 2019, plaintiff filed his sixth amended complaint, which is the operative complaint at issue on appeal. This complaint alleged the following. On March 1, 1972, defendants filed the Association's declarations with the State of Illinois, which were amended in February 1996. In October 1976, defendants revised the covenants, conditions, and restrictions in those declarations. Plaintiff asserted that he never received any bylaws from defendants. In July 2014, defendants approved a fine list for certain violations of the Association's code of conduct contained in the covenants, conditions, and restrictions without the approval of plaintiff and other unit owners.

¶ 12    On March 22, 2017, defendants sent a "request to their attorney for a letter to be sent to [plaintiff] informing him that a $200.00 fine was applied to his account for an alleged infraction committed by Plaintiff's grandson." On plaintiff's information and belief, a hearing occurred on April 24, 2017. On May 1, 2017, plaintiff learned from one of the Board members that he had been assessed the $200 fine. On May 4, 2017, plaintiff sent a letter to defendants requesting an opportunity to view "all records." On May 30, 2017, plaintiff followed up with a second written request for records. A notice of a lien on plaintiff's property was sent to him on June 21, 2017. On June 24, 2017, plaintiff again asked defendants to "provide the information regarding the damages caused by him for which he is being fined."

¶ 13    Plaintiff further alleged that toward the end of July 2017, he received a response to his request which included "a letter stating that a hearing had taken place on April 24, 2017, he was being assessed a fine of $200.00 for the behavior of his grandchild, and he was asked for reimbursement of $436.02 for attorney's fees." Plaintiff asserted that he filed the action because defendants have "failed to follow the [Act] and because there are no bylaws and the current Declaration and/or Covenants, Conditions and Restrictions do not contain any policy and procedures as it relates to violation notice, hearings and/or recourse after the hearing."

¶ 14    Plaintiff alleged that "[t]he contract between [plaintiff] and the Defendants has been in place since the 1970's." According to plaintiff, he "has substantially performed his obligations as a unit owner," but defendants have breached the contract and breached their fiduciary duties. As a result, plaintiff "suffered damages and incurred extra costs and attorney fees as a result of the breach."

¶ 15    Specifically, count I alleged a breach of contract by defendants in violation of section 18.4(l) of the Act (765 ILCS 605/18.4(l) (West 2016) because the fine was levied against him without an opportunity to be heard. Plaintiff alleged that the fine levied against him in March 2017 was prior to his notification, was levied without an opportunity to be heard, and that the fine imposed "failed to list which section of the declaration, by-laws and/or rules and regulation of the association was violated." Section 18.4(l) provides that "the powers and duties of the board of managers shall include, but shall not be limited to, *** after notice and an opportunity to be heard, to levy reasonable fines for violation of the declaration, by-laws, and rules and regulations of the association." 765 ILCS 605/18.4(l) (West 2016).

¶ 16    In count II, plaintiff alleged a breach of contract by defendants in violation of section 19 of the Act (765 ILCS 605/19 (West 2016)). As previously stated, section 19 requires the board of

managers of a condominium association to maintain certain records in its office, including the declarations, rules and regulations, minutes of all meetings for the preceding seven years, and insurance policies. 765 ILCS 605/19(a) (West 2016). Any member of the Association has "the right to inspect, examine, and make copies" of the listed records at a reasonable time or times in the Association office. 765 ILCS 605/19(b) (West 2016). While count II alleged a breach of contract in violation of section 19 of the Act, plaintiff did not replead the same allegations which the trial court allowed to stand from the fifth amended complaint. In this count, plaintiff alleged the following. Defendants never tendered any records to plaintiff regarding which sections of the "declaration, by-laws and/or rules and regulations" were violated. Defendants also failed to provide any records to plaintiff identifying his specific action that is claimed to have violated the declarations, by-laws, and/or rules and regulations. According to plaintiff, defendants' "actions and/or inaction further highlight the fact that they failed to keep and maintain the records or the true and complete copies of these records." Defendants failed to provide "the minutes of any meetings of the association and its board of managers surrounding the incident that is the subject of this matter" and defendants' "actions and/or inaction are an indication that they have failed to keep and maintain the records or true and complete copies of these records."

¶ 17    Plaintiff additionally alleged that he possesses "the right to inspect, examine and make copies of the records requested" and he made repeated requests both orally and in writing to review these records in May and June 2017, but defendants only partially responded in July 2017. His requests were "detailed where a reasonable person in the Defendants' position could ascertain what was being requested of them." Defendants denied his request by failing to make available all records requested within 10 business days of receiving the request, and as a result of that denial, plaintiff is entitled to reasonable attorney fees. Defendants further denied his requests

by failing to make available all minutes requested within 10 business days of receiving the request, and as a result of that denial, plaintiff was entitled to reasonable attorney fees.

¶ 18      Count III[1] alleged a breach of fiduciary duty citing section 18.4 of the Act (765 ILCS 605/18.4 (West 2016)). Section 18.4 states, in relevant part: "In the performance of their duties, the officers and members of the board, whether appointed by the developer or elected by the unit owners, shall exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4 (West 2016). Plaintiff then alleged the following. Defendants owed plaintiff and other unit owners "a fiduciary duty to exercise all powers, duties and authority vested in the association by law or the condominium instruments." Defendants failed to exercise their fiduciary duty when they  (1) "levied a fine without due notice, without an opportunity to be heard and without stating what section of the declaration, by-laws, and/or rules and regulations were violated"; (2) "failed to maintain the records, rules and regulations and the minutes surrounding the said incident"; and (3) "failed to make the records, rules and regulations and the minutes surrounding the said incident available within 10 business days."

¶ 19      As for count I, plaintiff asked that defendants "be [held] responsible for the damages incurred" by plaintiff. In counts II and III, plaintiff sought a reversal of the charges levied against him, defendants refrain from placing a lien on plaintiff's unit or remove any lien placed on his property, attorney fees and court costs, and such further relief as deemed appropriate. Plaintiff also attached several exhibits to the complaint, including: (1) the Association's declarations, dated March 1, 1972; (2) an amendment to the declarations from 1996; (3) the Association's covenants, conditions and restrictions, including a code of conduct; (4) a 2014 letter from the Board to residents notifying them of a fine list for violations of the code of conduct; (5) the fine

---

[1] In the sixth amended complaint, Count III is misnumbered as Count IV, but there is no Count III in this complaint. For clarity, we will refer to the breach of fiduciary duty claim as Count III.

schedule which included a $150 fine for a violation of balcony rules; (6) an emailed letter, dated March 22, 2017 from a Board member to the Association's attorney asking for a letter to be sent to plaintiff for the violation and stated that the Board would like to impose a $200 fine; (7) an April 6, 2017 letter to plaintiff advising him of the hearing on the violations alleged against him; (8) the violation complaint signed by two witnesses in late March and early April 2017 alleging that plaintiff's grandson had thrown trash from the unit balcony; (9) the April 25, 2017 letter from the Board notifying plaintiff that a $200 fine had been imposed as well as attorney fees and the invoice for the attorney fees billed to the Association; (10) a letter, dated May 4, 2017, written by plaintiff in response to an oral conversation with a Board member that took place on May 1, 2017, and requested access to bylaws, minutes, and account books; (11) a letter, dated May 30, 2017, written by plaintiff in response to the Association's letter informing plaintiff of the fine levied against his unit and requested an appeal as well as repeated his request to view records; (12) a letter, dated June 21, 2017, to plaintiff from the Association's managing agent stating an intent to create a lien on his unit in the amount of $1075.85; and (13) a letter, dated June 24, 2017, written by plaintiff and sent to the Association in care of the management company in response to the notice to create a lien.

¶ 20    In July 2019, defendants again filed a combined motion to dismiss plaintiff's sixth amended complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2016)), raising the same arguments as in the prior motions to dismiss. Specifically, defendant argued that none of the three counts sufficiently stated a cause of action under section 2-615 of the Code (735 ILCS 5/2-615 (West 2016)). As to the two breach of contract claims, defendants asserted that plaintiff failed to support his allegations of damages. Regarding count I, defendants argued that plaintiff's claim was premised on a lack of notice for the hearing about the violation and

fine, but the exhibits attached to the complaint contradicted a lack of notice. Defendants also contended that under section 4 of the declarations, notice was required to be given in writing to the unit address at 900 Sunset Drive, and the attached notices were addressed to plaintiff at his unit address. Defendants noted that the sixth amended complaint did not allege that notice was not sent or even that it was not received. Finally, defendants argued that even if plaintiff properly alleged a lack of notice, he failed to sufficiently allege damages under the breach.

¶ 21     Defendants argued that count II should have been dismissed under section 2-615 because plaintiff failed to provide any factual assertions that defendants failed to maintain records, but instead based his allegations only on his "information and belief." Defendants further argued that plaintiff previously asserted in the fifth amended complaint that his request for records was answered, so his current claim for failure to provide the records could not stand.

¶ 22     Defendants also contended that this count should be dismissed under section 2-619 because an affidavit from the Association's community manager contradicted defendant's claim that defendants failed to provide access to the requested records. The supplied affidavit from Schimanski, signed pursuant to section 1-109 of the Code (735 ILCS 5/1-109 (West 2016)), was the same document previously attached to the motion to dismiss the fifth amended complaint.

¶ 23     Defendants argued that count III should have been dismissed under section 2-615 because plaintiff failed to state a cause of action for breach of fiduciary duty. According to defendants, plaintiff failed to allege sufficient facts to overcome the presumption that the business judgment rule was applicable against condominium associations. *Goldberg v. Astor Plaza Condo. Association*, 2012 IL App (1st) 110620, ¶ 63 (quoting *Fields v. Sax,* 123 Ill. App. 3d 460, 467 (1984)) ("Under the business judgment rule, 'absent evidence of bad faith, fraud, illegality, or gross overreaching, courts are not at liberty to interfere with the exercise of business judgment

by corporate directors.' ").

¶ 24    Plaintiff responded that count I sufficiently alleged a breach of contract because the exhibits showed that defendants levied a fine on plaintiff on March 22, 2017, prior to any notice or hearing, as shown in the letter to defendants' attorney. Plaintiff asserted that he did not receive the notices of the hearing and fine until July 2017. As for count II, plaintiff maintained that defendants had never made available the section of the declarations, by-laws, rules and/or regulations that was violated, nor had defendants made the requested records to plaintiff available within 10 days of his request or provided any minutes of any meetings of defendants surrounding this incident. Notably, plaintiff did not attach a counteraffidavit in response to Schimanski's affidavit.

¶ 25    Regarding count III, plaintiff argued that the business judgment rule was not applicable. According to plaintiff, the breach of fiduciary duty was "being pled not because of a business decision that the Defendants made or the Defendants interpretation of the Act but because the Defendants failed to comply with the contract and the Act." Plaintiff contended that defendants "actions and/or inactions were done in bad faith, they were illegal and they were grossly overreaching."

¶ 26    On July 22, 2019, the trial court dismissed plaintiff's complaint with prejudice without specifying the reasons for the dismissal. A timely notice of appeal filed on August 20, 2019. Accordingly, this court has jurisdiction of this appeal under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).

¶ 27    We note that the record on appeal does not include a report of proceedings for any hearings in this case. Plaintiff, as the appellant, bears the burden of providing a sufficiently complete record to support its claims of error. Illinois Supreme Court Rules 321 and 324 require

an appellant to provide a complete record on appeal, including a certified copy of the report of proceedings. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 324 (eff. July 1, 2017). If a verbatim transcript is unavailable, the appellant may file an acceptable substitute, such as, a bystander's report or an agreed statement of facts, as provided for in Rule 323. See Ill. S. Ct. R. 323 (eff. July 1, 2017). In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Moreover, any doubt arising from the incompleteness of the record will be resolved against the appellant. *Id*. at 392. We therefore presume the trial court acted in accordance with the law when the lack of transcripts impacts our consideration of these issues.

¶ 28 Plaintiff first argues that the trial court erred in dismissing plaintiff's sixth amended complaint because it failed to provide any reason for the dismissal, specifically the legal insufficiency of his complaint.

¶ 29 Section 2-619.1 is a combined motion that incorporates sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1, 2-615, 2-619 (West 2014). We review a trial court's dismissal of a complaint under section 2-619.1 of the Code *de novo*. *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 402 (2009). A motion to dismiss pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint by alleging defects on its face. *Gatreaux v. DKW Enterprises, LLC*, 2011 IL App (1st) 103482, ¶ 10. In contrast, a motion to dismiss pursuant to section 2-619 admits the legal sufficiency of the complaint, but raises an affirmative defense or another basis to defeat the claims alleged. *Id.*

¶ 30 Plaintiff's argument that the trial court erred by failing to provide any reasons for the dismissal of his sixth amended complaint is without citation to any relevant authority. Illinois

Supreme Court Rule 341(h)(7) requires every appellant to include in its brief an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). It is well-settled that a contention supported by some argument which does not cite any authority does not satisfy the requirements of Rule 341(h)(7). Bare contentions that fail to cite any authority do not merit consideration on appeal and are considered forfeited. *Wasleff v. Dever*, 194 Ill. App. 3d 147, 155-56 (1990).

¶ 31    Plaintiff continues that the trial court offered some "suggestions" regarding the format of the dismissed counts at court hearings, but erroneously made no findings regarding their legal insufficiency. However, as discussed above, plaintiff has failed to provide a report of proceedings or a bystander's report on appeal. Thus, we are unable to review any reasons or statements made by the trial court. See *Foutch*, 99 Ill. 2d at 391-92. More important, neither section 2-615 or 2-619 require the trial court to provide any reasoning in granting a motion to dismiss. See 735 ILCS 5/2-615(d) ("After rulings on motions, the court may enter appropriate orders either to permit or require pleading over or amending or to terminate the litigation in whole or in part."); 2-619. (West 2016). Additionally, plaintiff was given at least seven opportunities to file a legally sufficient complaint before the trial court dismissed it with prejudice.

¶ 32    Further, even if the trial court provided reasoning for the dismissal, this court is not bound by such findings. "[T]his court reviews the judgment, not the reasoning, of the trial court, and we may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 24 (citing *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995)).

¶ 33    We first address counts I (breach of contract for lack of notice) and III (breach of fiduciary duty) from the sixth amended complaint which were dismissed for failure to state a cause of action under section 2-615.

¶ 34    "In ruling on a section 2-615 motion to dismiss, a reviewing court must examine the allegations of the complaint in the light most favorable to the plaintiff and accept as true all the well-pleaded facts and reasonable inferences therefrom." *Id.* "If the facts are insufficient to state a cause of action upon which relief may be granted then dismissal pursuant to section 2-615 is appropriate." *Id.* Illinois is a fact-pleading jurisdiction, and while plaintiff is not required to set forth evidence in the complaint, he must allege facts sufficient to bring a claim within a legally recognized cause of action, not simply conclusions. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006). "To survive a motion to dismiss pursuant to section 2-615, a complaint must be both legally and factually sufficient." *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 167 (2003). "However, a plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations." *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). An exhibit attached to a complaint becomes part of the pleading for every purpose, including the decision on a motion to dismiss and, when the exhibit contradicts the allegations in the complaint, the exhibit controls. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18.

¶ 35    For count I, plaintiff alleged a breach of contract based on defendants' violation of section 18.4(l) of the Act. In order to prevail on a claim for breach of contract, a plaintiff must prove: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resultant injury to the plaintiff. *Pepper Construction Co. v. Palmolive Tower Condominiums, LLC*, 2016 IL App (1st) 142754, ¶ 85. As previously stated,

section 18.4(l) provides that "the powers and duties of the board of managers shall include, but shall not be limited to, *** after notice and an opportunity to be heard, to levy reasonable fines for violation of the declaration, by-laws, and rules and regulations of the association." 765 ILCS 605/18.4(l) (West 2016). Here, plaintiff has failed to cite the required elements for a breach of contract claim or discuss how his complaint sufficiently alleged each of the elements. Plaintiff's entire argument on this issue is to list allegations from his complaint without any additional analysis.

¶ 36    In count III, the breach of fiduciary duty count, plaintiff relies upon a violation of section 18.4 of the Act alleging defendants levied a fine without notice and failed to maintain records and make said records available to Association members.[2] "To state a claim for breach of fiduciary duty, it must be alleged and ultimately proved: (1) that a fiduciary duty exists; (2) that the fiduciary duty was breached; and (3) that such breach proximately caused the injury of which the party complains." *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶ 69. As earlier noted, section 18.4 states, in relevant part: "In the performance of their duties, the officers and members of the board, whether appointed by the developer or elected by the unit owners, shall exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4 (West 2016).

¶ 37    "Directors of a condominium association owe fiduciary duties to unit owners similar to the duties corporate directors owe to shareholders, insofar as the unit owners trust the directors to use the owners' money for maintenance, repair, and improvements to the building." *Boucher v.*

---

[2]  In his brief, plaintiff cites twice to section 14 of the Act (765 ILCS 605/14) in reference to his breach of fiduciary duty claim. We presume this was a typographical error because (1) no allegations under section 14 were made in the sixth amended complaint; and (2) section 14 does not apply to these facts, it relates to the "disposition of property where insurance proceeds are insufficient for reconstruction." We will assume that plaintiff intended to cite section 18.4 of the Act, as alleged in his complaint.

*111 East Chestnut Condominium Association, Inc.*, 2018 IL App (1st) 162233, ¶ 35. "A fiduciary relationship exists where there is special confidence in one who, in equity and good conscience, is bound to act in good faith with due regard to the interests of the other." *Board of Managers of Weathersfield Condominium Association v. Schaumburg Ltd. Partnership*, 307 Ill. App. 3d 614, 622 (1999). "Since the association officers and board members owe a fiduciary duty to the members of the association, they must act in a manner reasonably related to the exercise of that duty, and the failure to do so will result in liability not only for the association but also for the individuals themselves." *Id*. "When investigating charges of misconduct against a unit owner, the duty of candor imposes on the board members an obligation 'of full, fair, complete, and timely disclosure of material facts' concerning all allegations against the owner that may provide a basis for imposition of a penalty." *Boucher*, 2018 IL App (1st) 162233, ¶ 36 (quoting *Han v. Yang*, 931 P.2d 604, 615 (1997)).

¶ 38    Again, plaintiff does not cite or discuss the required elements for a claim of breach of fiduciary duty in clear violation of Supreme Court Rules. Plus, even if we were to assume defendants breached their fiduciary duty, which we do not find, plaintiff has failed to allege how a breach proximately caused any injury. Plaintiff instead offers a general conclusion that since defendants breached their fiduciary duty, he was entitled to damages and attorney fees. A mere conclusion is insufficient to support a cause of action. *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. Plaintiff's only argument is to again list his allegations for the breach of fiduciary duty claim in his complaint without any analysis.

¶ 39    Plaintiff fails to cite any relevant authority related to the Act and its application to any of his allegations. The only citations offered are general cases about the standard for dismissal for failure to state a claim. See *Marshall*, 222 Ill. 2d 422, 429 (2006) ("a cause of action should not

be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery"); *Golden Rule Life Insurance Co. v. Mathias*, 86 Ill. App. 3d 323, 332-33 (1980) ("No cause of action should be dismissed on the pleadings unless it clearly appears that no set of facts can be proved to sustain it."). As previously stated, Supreme Court Rule 341(h)(7) requires an appellant to include in its brief an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). It is well-settled that a contention that is supported by some argument but does not cite any authority does not satisfy the requirements of Rule 341(h)(7), and bare contentions that fail to cite any authority do not merit consideration on appeal and are considered forfeited. *Wasleff*, 194 Ill. App. 3d at 155-56. This reviewing court is " 'not a repository into which an appellant may foist the burden of argument and research.' " *Stenstrom Petroleum Services Group, Inc. v. Mesch*, 375 Ill. App. 3d 1077, 1098 (2007) (quoting *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993)).

¶ 40    To avoid forfeiture, plaintiff was required to provide some argument with citation to relevant authority supporting his claims of breach of contract and breach of fiduciary duty under the Act. He has not done so. Rather, plaintiff offers general legal conclusions without citation and a recitation of his allegations without any reasoned argument. Since plaintiff has not complied with Rule 341(h)(7), we find his claims regarding the dismissal of counts I and III forfeited on appeal.

¶ 41    Even if we reached the merits of plaintiff's claims, the exhibits attached to plaintiff's complaint clearly contradict his allegations. As previously observed, an exhibit attached to a complaint becomes part of the pleading and, when the exhibit contradicts the allegations, the exhibit controls. *Gagnon*, 2012 IL App (1st) 120645, ¶ 18. The attached exhibits may be used for

every purpose, including the decision on the motion to dismiss. *Id.*

¶ 42    As an example, plaintiff contended that defendants levied a fine in March 2017 prior to a hearing or notice based on an emailed letter from a member of the Board to the Association's attorney. In direct conflict, in the March 22, 2017 emailed letter, a Board member requested that the attorney send a letter to plaintiff regarding his grandson's behavior, which included the grandson "tossing garbage" over the unit's balcony. The email stated that, "The Board has recommended that a letter from an attorney may hold more weight with the grandfather. They would like a $200.00 fine applied for this. Please let me know if this is possible." The email letter was not directed to plaintiff and does not indicate that a fine was levied. Plaintiff has not provided any evidence establishing that a fine was entered on or near that date. Instead, plaintiff's additional exhibits clearly negate his position that a fine was imposed at the time of this letter. Plaintiff's own exhibits included letters addressed to plaintiff at his unit address. The first, dated April 6, 2017, informed plaintiff of a violation notice and a hearing before the Board. The second letter, dated April 25, 2017, stated that a hearing occurred the previous day and the Board decided to impose a fine of $200 for the violation. These exhibits again contradict plaintiff's pleadings that the fine was levied without notice and an opportunity to be heard, as required under section 18.4(l) of the Act, as alleged in both counts I and III of his complaint. Because the exhibits control in a conflict with the complaint, the trial court did not err in granting the motion to dismiss. Since the exhibits contradicted plaintiff's claims, he failed to sufficiently plead a cause of action and these counts were properly dismissed. See *Gagnon*, 2012 IL App (1st) 120645, ¶ 22 (affirming the dismissal of the plaintiff's claim for specific performance for failure to plead a cause of action where an exhibit contradicted an essential element of the alleged oral contract).

¶ 43    Next, we consider the dismissal of count II, a claimed breach of contract by defendants in violation of section 19 of the Act. 765 ILCS 605/19 (West 2016). Defendants argued in the trial court that count II was subject to dismissal under both section 2-615 (735 ILCS 5/2-615 (West 2016)) and section 2-619 (735 ILCS 5/2-619 (West 2016)). For the reasons that follow, we find this count was properly dismissed under section 2-619(a)(9) of the Code.

¶ 44    Section 19 requires the board of managers of a condominium association to maintain certain records in its office, including the declarations, rules and regulations, minutes of all meetings for the preceding seven years, and insurance policies. 765 ILCS 605/19(a) (West 2016). Any member of the Association has "the right to inspect, examine, and make copies" of the listed records at a reasonable time or times in the Association office. 765 ILCS 605/19(b) (West 2016); see also *Boucher*, 2018 IL App (1st) 162233, ¶ 27. "In order to exercise this right, a member must submit a written request to the association's board of managers or its authorized agent, stating with particularity the records sought to be examined. Failure of an association's board of managers to make available all records so requested within 10 business days of receipt of the member's written request shall be deemed a denial." *Id*.

¶ 45    Plaintiff alleged that defendants never "tendered" any records to him as to which section of the declarations, by-laws, rules and regulations were violated, nor have defendants identified what specific action violated the declarations, by-laws, rules and regulations. According to plaintiff, defendants also failed to "tender" any minutes from the meeting in which the violation was discussed. Defendant further alleged that he made multiple requests in writing which were "detailed where a reasonable person in the Defendants' position could ascertain what was being requested of them." Based on the above, plaintiff contended defendants have failed to properly maintain these records and violated section 19.

¶ 46     Section 2-619(a)(9) permits involuntary dismissal where the "claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2016). We review a trial court's dismissal of an action under section 2-619(a)(9) *de novo*. *Watkins v. McCarthy*, 2012 IL App (1st) 100632, ¶ 10 Here, the trial court's dismissal order does not indicate on what basis this claim was dismissed, but as previously observed, we may affirm on any basis in the record. See *Coghlan*, 2013 IL App (1st) 120891, ¶ 24.

¶ 47     "On a motion to dismiss pursuant to section 2-619(a)(9) of the Code, the defendant, as the movant, 'has the burden of proof on the motion, and the concomitant burden of going forward.' " *Philadelphia Indemnity Insurance Co. v. Pace Suburban Bus Services*, 2016 IL App (1st) 151659, ¶ 22 (quoting 4 Richard A. Michael,  Illinois Practice § 41:8, at 481 (2d ed.2011)). " 'When a motion to dismiss is based on facts not apparent from the face of the complaint, the movant must support its motion with affidavits or other evidence.' " *Id*. (quoting *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 908 (2000)). "If the defendant can carry this burden of going forward, 'the burden then shifts to the plaintiff, who must establish that the affirmative defense asserted either is "unfounded or requires the resolution of an essential element of material fact before it is proven." ' " *Id*. (quoting *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997), quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116 (1993)). "The plaintiff's failure to properly contest the defendant's affidavit by submitting a counteraffidavit may be fatal to his cause of action, as the failure to challenge or contradict supporting affidavits filed with a section 2-619 motion results in an admission of the fact stated therein." *Id*.

¶ 48     In their motion to dismiss, defendants argued, in part, that plaintiff "was provided an

opportunity in person to review and copy the documents he alleges he never received."

Defendants supported the motion with an affidavit from Kathleen Schimanski, the Association's

community manager, who had been in charge of records since 2012. She averred that prior to this

lawsuit being filed, plaintiff "stopped by our office requesting documentation and [she] offered

[plaintiff] access to documentation, as it is our policy to do so for any unit owner making similar

requests." When plaintiff made an additional request for financial documentation and she asked

what he was looking for because "the copies would take some time to compile," plaintiff left and

did not return. She had "not received another request for documentation, in person or in writing,

or any specific requests from [plaintiff] to turn over any additional items after he left our office

that day." Schimanski also had not received any additional requests for documentation since

plaintiff's lawsuit was filed. The affidavit was signed by Schimanski, pursuant to section 1-109

of the Code (735 ILCS 5/1-109 (West 2016)). A verification under section 1-109 of the Code has

been held to be the equivalent of an affidavit for purposes of a motion to dismiss under section 2-

619. *In re Estate of Mosquera*, 2013 IL App (1st) 120130, ¶ 24. Plaintiff failed to offer a

counteraffidavit in response. Thus, the statements in Schimanski's affidavit are taken as an

admission of fact.

¶ 49      In count II, plaintiff alleged that defendants breached the Association's declarations in

violation of section 19 of the Act by failing to maintain records and to offer him the opportunity

to view the records related to the incident. Plaintiff attached two letters written by him to his

complaint. In the May 4, 2017 letter, plaintiff stated that he needed the Board "to make available

the By-Laws, minutes, a full and correct book of accounts for the last five. [*Sic*.] Please let me

know when I can come to the clubhouse+ [*sic*] and review these documents." The May 30, 2017

letter stated it was in response to the Board's recent letter notifying plaintiff of the fine and noted

that plaintiff has requested access to view records and has not been granted access. Plaintiff further alleged that toward the end of July 2017 he received a response to his request for documents, including a letter notifying him of the fine. We note that plaintiff's initial *pro se* complaint was filed on July 5, 2017. In contrast, according to Schimanski's affidavit, plaintiff came to the Association's office prior to the filing of his lawsuit and she provided him the opportunity to view the records he requested. When she asked for further details about requested financial documentation, plaintiff left and did not return. Schimanski did not receive any additional request, in person or in writing, after that encounter. Plaintiff did not provide any additional evidence in response.

¶ 50    Plaintiff's failure to offer any counter evidence is fatal to his claim. He alleged that he was deprived of the opportunity to review records, but Schimanski's affidavit presented uncontradicted evidence to dispute his claims. Allegations in a complaint are not sufficient to satisfy the burden of going forward. *Philadelphia Indemnity Insurance Co.*, 2016 IL App (1st) 151659, ¶ 22. Since defendants provided evidence to defeat plaintiff's claim, the motion to dismiss was properly granted under section 2-619(a)(9) of the Code. *Id*.

¶ 51    Finally, plaintiff asserts that the trial court abused its discretion in dismissing his sixth amended complaint with prejudice because genuine issues of material fact exist.

¶ 52    "At any time before final judgment amendments may be allowed on just and reasonable terms, *** changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought." 735 ILCS 5/2-616(a) (West 2016). We review a trial court's decision to dismiss a complaint with prejudice for an abuse of discretion. *Lake Point Tower Condominium Association*

22

*v. Waller*, 2017 IL App (1st) 162072, ¶ 21. In reviewing whether the trial court has abused its discretion, we consider the following four factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 53    After the trial court dismissed plaintiff's sixth amended complaint with prejudice, plaintiff did not file a motion seeking to amend his complaint, nor did he submit a proposed amended complaint to cure any deficiencies. Plaintiff does not discuss the *Loyola* factors and he offers no analysis regarding the court's dismissal with prejudice. Rather, plaintiff argues that genuine issues of material fact exist for all three counts of the complaint under section 2-619(a)(9) of the Code. 735 ILCS 5/2-619(a)(9) (West 2016). As discussed above, defendants' motion argued only for count II to be dismissed under section 2-619. We have already addressed and rejected this argument.

¶ 54    As stated above, Supreme Court Rule 341(h)(7) requires an appellant to include in its brief an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008). Since plaintiff failed to provide any argument as to whether the trial court abused its discretion in dismissing his sixth amended complaint with prejudice, we find this claim to be forfeited under Supreme Court Rule 341(h)(7).

¶ 55    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 56    Affirmed.